IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**08/31/2009**

| | |
|---|---|
| IN RE | ) |
| | ) |
| GREGORY W. NUTTER, | )   CASE NO. 09-34827-H3-13 |
| | ) |
| Debtor | ) |
| | ) |

MEMORANDUM OPINION

The court held a hearing on the Motion to Extend The Automatic Stay (Docket No. 21) filed by Gregory W. Nutter, Debtor, in the above captioned case, and after considering the Objection and Amended Objection thereto (Docket Nos. 24 and 27), filed by Kirbybend Property Owners Association, Inc. (KPOA), the pleadings, evidence, testimony, and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law.  A separate Judgment will be entered denying the extension of the automatic stay as to all creditors.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Gregory W. Nutter (Debtor) filed a voluntary petition in the instant Chapter 13 case on July 6, 2009.  Prior to the filing of the instant case, Debtor and his wife, Judith Nutter, have filed other bankruptcy proceedings, for a combined total of five cases.

Case No. 05-82642-G3-13 (the "First Case") was filed by Gregory & Judith Nutter as joint debtors on October 3, 2005 and was dismissed, before confirmation, on March 3, 2006 on the chapter 13 Trustee's motion for nonpayment and failure to provide copies of tax returns.  Case No. 08-80099-G3-13 (the "Second Case") was filed by Gregory Nutter individually on March 3, 2008, and dismissed, before confirmation, on June 11, 2008 on the chapter 13 Trustee's motion for nonpayment, failure to cure section 521 filing deficiencies, failure to provide copies of tax returns and failure to enter into a plan payment order.  Case No. 08-34260-H1-13 (the "Third Case") was filed by Judith Nutter individually on June 30, 2008, and dismissed with prejudice, before confirmation, on October 28, 2008 on the chapter 13 Trustee's motion for nonpayment, failure to provide copies of tax returns and failure to enter into a plan payment order.  The case was dismissed with prejudice to refiling another bankruptcy proceeding within 180 days from the date of the dismissal order on the basis that Judith Nutter failed to comply with court orders.

Thereafter, approximately two months later, on January 5, 2009, Gregory Nutter filed Case No. 09-30059-H3-13 (the "Fourth Case").  The Fourth Case was dismissed, before confirmation, on April 8, 2009 on the chapter 13 Trustee's motion for nonpayment, and failure to provide copies of tax returns and

2

financial records.

Debtor seeks continuation of the automatic stay as to all creditors, and specifically as to Ocwen, KPOA, and the Internal Revenue Service (IRS), creditors with secured claims on his homestead, the real property located at 1823 Rustic Oak Lane, Seabrook, Texas (hereinafter referred to as "Real Property"). Debtor alleges that the instant case was filed in good faith as evidenced by the fact that his financial or personal circumstances have changed substantially since the dismissal of the Prior Case. Debtor testified that, in the instant case, he proposes a plan to pay off his primary creditor, the IRS. The proposed plan includes the surrender of the Real Property, provides payments to the IRS, and provides a 7% estimated dividend to his unsecured creditors.

Debtor testified that he is able to make the proposed plan payments of $400 per month. He testified that he understood, and had discussed with his attorney, that this figure was arrived at based upon his income and expenses for the six months prior to filing the instant case. Debtor's Amended Schedules I and J reflect a projected monthly net income of $9,517.00. Debtor also testified that he understood, and had discussions with his attorney, that there was a strong possibility that he may be required to pay a 100% dividend to his unsecured creditors and that his plan payment may increase to

3

$900 per month or $1,000 per month since his income increased subsequent to the filing date of the instant case.  Debtor testified that he would be able to make the increased payment.

KPOA is a secured creditor, with a perfected judgment, and previously has attempted to execute on the judgment through constable's foreclosure sales of the Real Property.  KPOA filed a "Motion for Modification of The Automatic Stay to Act Against Real Property In Rem" (Docket No. 23) which was set for hearing on August 26, 2009.  Debtor filed a Response (Docket No. 27) to KPOA's motion for modification of the stay wherein he stated that he did not oppose lifting the stay on the Real Property.  The court granted KPOA's motion on August 27, 2009 (Docket No. 34).

KPOA opposes continuation of the stay on the bases that: the motion was not filed in good faith and was an attempt to hinder, delay and/or defraud his creditors; and, to the extent that the surrender of the real property would result in KPOA's having an unsecured deficiency claim, neither the motion nor the proposed plan provide for payment to KPOA.  Whether Debtor provides for payment of a possible future deficiency claim of KPOA is more properly the subject of an objection to confirmation of the Debtor's proposed plan.  As confirmation of the plan is not before the court, this issue need not be addressed at the present time.

4

<u>Conclusions of Law</u>

Section 362(c)(3) of the Bankruptcy Code provides:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section--

* * *

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

(i) as to all creditors, if--

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was

5

dismissed within such 1-year period, after the debtor failed to--

    (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

    (bb) provide adequate protection as ordered by the court; or

    (cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

    (aa) if a case under chapter 7, with a discharge; or

    (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

11 U.S.C. § 362(c)(3).

    Section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay shall terminate on the 30th day after the filing of a case if the debtor has had a case pending within the preceding one-year period.

Section 362(c)(3)(B) of the Bankruptcy Code provides that the court may extend the stay, on motion of a party in interest, if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."  Debtor bears the burden of proof for obtaining an extension of the original 30-day period of the automatic stay.  *See In re Charles*, 332 B.R. 538 (Bankr. S.D. Tex. 2005).

Section 362(c)(3)(C) provides that a case is presumptively filed not in good faith in the event that one of three circumstances occur.  On the question of whether the presumption applies that the instant case was not filed in good faith, the opponent of the extension (KPOA in the instant case) bears the burden of proof as to whether the prior case (the Fourth Case) was dismissed after Debtor failed to file or amend the petition or other documents as required by Title 11 or the court without substantial excuse.  11 U.S.C. § 362(c)(3)(C)(i)(II).  The Debtor bears the burden of proof to show a change of financial circumstances under Section 362(c)(3)(C)(i)(III) by a preponderance of the evidence.  *In re Charles,* 334 B.R. 207 (Bankr. S.D. Tex. 2005).

Debtor filed an individual case under Chapter 13 (the instant case) within one year from the time his preceding Chapter 13 case (the Fourth Case) was pending.  Part of Debtor's duties in a chapter 13 case is to timely provide the chapter 13 Trustee

7

with a copy of the Federal income tax return for the most recent
tax year ending immediately before the commencement of the case
and for which a return was filed.  11 U.S.C. § 521(e)(2).  Debtor
must also complete the information for the submission of a wage
order or electronic funds transfer order no later than the
initial meeting of creditors.  Bankruptcy Local Rule 2003(c)(6).
The Fourth Case was dismissed within such 1-year period, after
the Debtor failed to submit an electronic funds transfer order,
make plan payments, and provide the chapter 13 Trustee with
copies of tax returns and other financial information.

       The court finds that Debtor failed to file documents as
required by Title 11 and the court, without substantial excuse,
in his preceding Chapter 13 case (the Fourth Case).  Pursuant to
Section 362(c)(3)(C)(i)(II), the court finds that the presumption
that the instant case was not filed in good faith applies.

       Under Section 362(c)(3)(C) of the Bankruptcy Code, the
presumption that a case is not filed in good faith may be
rebutted by clear and convincing evidence.  Debtor testified
that, in the instant case, he already provided information to the
chapter 13 Trustee for enrollment in the Trustee's electronic
funds transfer program.  Subsequent to the hearing on the instant
motion, and on the court's direction, Debtor filed an Electronic

Funds Transfer Certification.  Docket No. 30.

Debtor and his wife are self employed and the owners/operators of an ice cream vending business.  Amended Schedule I, Docket No. 29.  Debtor testified that the dismissal of the previously filed bankruptcy cases were the result of various factors which included his sustaining a physical injury, damages incurred from Hurricane Ike, and loss of income.  Debtor failed to adequately explain why, in their prior bankruptcy proceedings, he and/or his wife did not submit electronic funds transfer orders and why they failed to make plan payments.  Although Debtor testified that he filed all income tax returns through the current year with the IRS, he did not provide copies of any of the returns.  The court did not find Debtor credible.

KPOA had foreclosure sales set for March 3, 2008, January 6, 2009, and July 7, 2009.  One day before each scheduled foreclosure was to take place, Debtor or his wife filed a chapter 13 bankruptcy proceeding.  Of the five bankruptcy proceedings filed by Debtor and his wife, Judith Nutter, three of the filings have prevented KPOA from pursuing its rights to collect on its judgment.

Gregory Nutter, individually, filed the Fourth Case approximately 2 months after the dismissal with prejudice of the

9

Third Case which had been filed by Judith Nutter individually. The dismissal order in the Third Case, entered on October 28, 2008, prohibited Judith Nutter from refiling another bankruptcy proceeding until April 27, 2009 (180 days from the dismissal date).  The dismissal order also stated that violation of the filing prohibition may be punished as a contempt of court.

Debtor testified that he did not remember when the Third Case was dismissed.  He further testified that he did not remember that the dismissal was with prejudice to Judith Nutter's filing another bankruptcy proceeding within 180 days of the dismissal date.  Debtor's testimony was not credible.  Although Gregory Nutter technically was not subject to the filing prohibition contained in the order of dismissal with prejudice, the court finds that he violated the spirit of the order when, two months later, on January 5, 2009, he filed the Fourth Case.

The only evidence submitted by Debtor to rebut the presumption that the instant case has not been filed in good faith is that the current plan provides for surrender of the Real Property and that he has entered into an electronic funds transfer order.  In the instant case, Debtor has failed to rebut the presumption that the case was not filed in good faith.  The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the Motion to Extend The Automatic Stay (Docket No. 21).

Signed at Houston, Texas on the 31st day of August, 2009.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

11