IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| GREGORY W. NUTTER, ) | CASE NO. 09-34827-H3-13 |
| ) | |
| Debtor ) | |
| ) | |

MEMORANDUM OPINION

The court heard the Amended Motion to Dismiss With Prejudice (Docket No. 47) filed by the chapter 13 Trustee, William E. Heitkamp, and "Kirbybend Property Owners Association, Inc.'s Motion To Show Cause Why Debtor Should Not Be Held In Contmept For Violation Of A Court Order And For Sanctions" [sic] (Docket No. 53). After consideration of the pleadings, evidence and argument of counsel, the court makes the following Finding of Fact and Conclusions of Law. Separate Judgments will be entered (1) dismissing the above captioned case with prejudice to refiling within 180 days from the date of entry of the Judgment and (2) awarding attorney's fees and costs to Kirbybend Property Owners' Association, Inc. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Gregory W. Nutter (Debtor) filed a voluntary petition in the instant Chapter 13 case on July 6, 2009. Prior to the

filing of the instant case, Debtor and his wife, Judith Nutter, have collectively filed four other bankruptcy proceedings, for a total of five cases.[1]  In the instant case, Debtor sought continuation of the automatic stay alleging that the instant case was filed in good faith.  The court held a hearing on Debtor's motion and denied the requested relief on the basis that Debtor failed to rebut the presumption that the case was not filed in good faith.[2]  See Memorandum Opinion and Judgment, Docket Nos. 36 and 37.

The chapter 13 Trustee seeks dismissal of the above captioned case with prejudice for Debtor's failure to: amend the plan to provide for payment in full of the secured and priority claims within the term of the plan; make plan payments; file the

---

[1] Case No. 05-82642-G3-13 (the "First Case") was filed by Gregory & Judith Nutter as joint debtors on October 3, 2005 and was dismissed, before confirmation, on March 3, 2006 on the chapter 13 Trustee's motion for nonpayment and failure to provide copies of tax returns.  Case No. 08-80099-G3-13 (the "Second Case") was filed by Gregory Nutter individually on March 3, 2008, and dismissed, before confirmation, on June 11, 2008 on the chapter 13 Trustee's motion for nonpayment, failure to cure section 521 filing deficiencies, failure to provide copies of tax returns and failure to enter into a plan payment order.  Case No. 08-34260-H1-13 (the "Third Case") was filed by Judith Nutter individually on June 30, 2008, and dismissed with prejudice, before confirmation, on October 28, 2008 on the chapter 13 Trustee's motion for nonpayment, failure to provide copies of tax returns and failure to enter into a plan payment order.  The case was dismissed with prejudice to refiling another bankruptcy proceeding within 180 days from the date of the dismissal order on the basis that Judith Nutter failed to comply with court orders.  Thereafter, approximately two months later, on January 5, 2009, Gregory Nutter filed Case No. 09-30059-H3-13 (the "Fourth Case").  The Fourth Case was dismissed, before confirmation, on April 8, 2009 on the chapter 13 Trustee's motion for nonpayment, and failure to provide copies of tax returns and financial records.

[2] The court found that pursuant to Section 362(c)(3)(C)(i)(II), the presumption that the instant case was not filed in good faith applied.

2

federal income tax return for 2008; provide the Trustee with a complete copy of Debtor's federal income tax return for 2008; amend Form 22C to correct inaccuracies; and to meet the disposable income test.  The Trustee alleges that Debtor's conduct has caused unreasonable delay that is prejudicial to the creditors and constitutes a willful failure to appear in proper prosecution of the case.

Kirbybend Property Owners' Association, Inc. (Kirbybend) seeks an award of attorney's fees and costs as sanctions against Debtor for violating an order of the court. Case No. 08-34260-H1-13 (collectively, the "Third Case") was filed by Judith Nutter individually on June 30, 2008, and on October 28, 2008, it was dismissed with prejudice to refiling another bankruptcy proceeding within 180 days from the date of the dismissal order.  The October 28, 2008 dismissal order also stated that violation of the filing prohibition may be punished as a contempt of court.  Approximately two months later, on January 5, 2009, Gregory Nutter filed Case No. 09-30059-H3-13 (collectively, the "Fourth Case").  In its ruling on Debtor's Motion To Extend Automatic Stay, this court found that Debtor violated the spirit of the October 28, 2008 dismissal order when he filed the Fourth Case.  Memorandum Opinion, Docket No. 36. Kirbybend incurred fees and costs in the amount of $5,629.41 from the date the court's October 28, 2008 dismissal order was

violated, January 5, 2009, until November 19, 2009.[3]  Kirbybend Exhibit Nos. 1 (with "Plaintiff's Exhibit A" attached) and 2.

No response or opposition was filed by Debtor to the instant dismissal motion or sanctions motion.  Present at the hearing on the instant motions were counsel for the Trustee, counsel for Kirbybend and counsel of record for Debtor.  Debtor failed to appear at the hearing.  Debtor's counsel announced that, despite having had four appointments scheduled with Debtor, he had not seen his client for "weeks" prior to the hearing.  Counsel for Debtor also stated that as he has had no contact with Debtor, he had no basis upon which to oppose the requested relief.

The court takes judicial notice of the five cases collectively filed by Debtor and his wife, including all pleadings filed therein and the docket sheets of each case.  See Case Nos. 05-82642-G3-13, 08-80099-G3-13, 08-34260-H1-13, 09-30059-H3-13 and the instant case.  The court finds that Debtor's conduct (failure to amend the plan and Form 22C, to make plan payments, file his 2008 federal income tax return, provide a copy of his tax return to the Trustee, and failure to appear at the

---

[3] From January 5, 2009 to November 19, 2009, Kirbybend incurred $2,421.04 ($1,750 as a flat fee and $671.04 in costs) for services rendered by bankruptcy counsel.  From January 5, 2009 to October 27, 2009, Kirbybend incurred $3,208.63 for services rendered by its counsel representing it in the state court.  The court notes the discrepancy between Kirbybend's total of $5,629.41 and the mathematical sum of $5,629.67 when the fees are combined but the difference is *de minimus*.

4

hearing on these motions) has caused unreasonable delay that is prejudicial to the creditors.  The court finds that Debtor's conduct constitutes a willful failure to appear in proper prosecution of the case.

The court takes judicial notice of its findings of fact and conclusions of law contained in its Memorandum Opinion on Debtor's Motion To Extend the Automatic Stay.  Docket No. 36.  Kirbybend had foreclosure sales set for March 3, 2008, January 6, 2009, and July 7, 2009.  One day before each scheduled foreclosure was to take place, Debtor or his wife filed a chapter 13 bankruptcy proceeding.  Of the five collective bankruptcy proceedings filed by Debtor and his wife, Judith Nutter, three of the filings prevented Kirbybend from pursuing its rights to collect on its judgment.  Gregory Nutter, individually, filed the Fourth Case approximately 2 months after the dismissal with prejudice of the Third Case which had been filed by Judith Nutter individually.  Debtor was not credible when he testified at the hearing on his Motion To Extend Stay that he did not remember when the Third Case (as to Judith Nutter) was dismissed or that the dismissal was with prejudice to filing another bankruptcy proceeding within 180 days of the dismissal date.  The court found that Debtor violated the spirit of the order when, two months later, on January 5, 2009, he filed the Fourth Case.  As a result, Kirbybend incurred additional attorney's fees.

<u>Conclusions of Law</u>

A Chapter 13 case may be dismissed for cause, including, *inter alia*, unreasonable delay by the debtor that is prejudicial to creditors, failure to commence timely plan payments, and failure to file a tax return.  See 11 U.S.C. §§ 1307(c) and 1308.

The court has jurisdiction over civil contempt proceedings under 28 U.S.C. § 157, 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9020.  *See In re Terrebone Fuel and Lube*, 108 F. 3d 609 (5th Cir. 1997); *In re Abacus Broadcasting Corp.*, 150 B.R. 925 (Bankr. W.D. Tex. 1993).  A civil contempt proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).  *See Kellogg v. Chester*, 71 B.R. 36 (N.D. Tex. 1987).  In a civil contempt proceeding, the moving party need only show that a court order was in effect, the order required certain conduct by the respondent, and the respondent failed to comply with the court's order.  *See F.D.I.C. v. LeGrand*, 43 F.3d 163 (5th Cir. 1995).  A court may impose fines in civil contempt proceedings to compensate a party for unnecessary injuries suffered and costs incurred because of contemptuous conduct.  *See United States v. United Mine Workers*, 67 S.Ct. 677 (1947); *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392 (5th Cir. 1987).

Based upon the above findings and conclusions, the court will enter separate Judgments in conjunction with this

Memorandum Opinion (1) dismissing the above captioned case with prejudice to refiling for 180 days and (2) finding Gregory W. Nutter, Debtor, in civil contempt of court and ordering him to pay the amount of $5,629.41 to Kirbybend Property Owners' Association, Inc. which represents sanctions in the form of reimbursement of attorney's fees and costs incurred.

Signed at Houston, Texas on the 15th day of January, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE